Larry R. Laycock (Utah Bar No. 4868)
 *larry.laycock@dentons.com*
Adam B. Beckstrom (Utah Bar No. 14127)
 *adam.beckstrom@dentons.com*
Landon T. Laycock (Utah Bar No. 17259)
 *landon.laycock@dentons.com*
DENTONS DURHAM JONES PINEGAR, P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone:  (801) 415-3000

*Attorneys for Plaintiff, Rayware Limited*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Rayware Limited,** an English Limited Company,<br><br>Plaintiff,<br><br>v.<br><br>**New Creation Brands, LLC**, a Georgia limited liability company,<br><br>Defendant. | Civil Action No.  2:23-cv-00355<br><br>**COMPLAINT**<br><br>**[Demand for Jury Trial]**<br><br>District Judge  Dustin B. Pead |

Plaintiff Rayware Limited ("Rayware" or "Plaintiff") complains against defendant New Creation Brands, LLC ("NCB" or "Defendant") for the causes of action alleged as follows:

## THE PARTIES

1. Rayware is an English Limited Company with a principal place of business located at 26-32 Spitfire Road Triumph Trading Park, Speke Hall Road, Liverpool, United Kingdom L24 9BF.

1

2. NCB is a limited liability company duly organized and existing under the laws of the State of Georgia, with a principal place of business located at 1520 Broadmoor Blvd NE, Suite A, Buford, Georgia 30515.

## JURISDICTION AND VENUE

3. This is a civil action for trademark infringement under Section 43 of the Lanham Act, Title 15 U.S.C. § 1125, *et seq.*

4. This is also a civil action for deceptive trade practices arising under Utah Code Ann. § 13-11a-1, *et seq*.

5. This is also a civil action for unfair competition arising under Utah Code Ann. § 13-5a-101, *et seq*.

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121. This Court has supplemental and related-claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant because Defendant has committed and continues to commit acts of infringement in violation of 15 U.S.C. § 1125 in this Judicial District, and because Defendants market infringing products in the stream of commerce with the knowledge and understanding that such products are marketed in the United States, including in this Judicial District. On information and belief, Defendant expects its actions to have consequences within this Judicial District, and hope to derive substantial revenue from interstate commerce directed to this Judicial District.

8. This Court's exercise of personal jurisdiction over Defendant is consistent with the Constitutions of the United States and the State of Utah and Utah Code Ann. § 78-27-22 *et seq*.

9. Venue is proper in this judicial district under at least 28 U.S.C. § 1391.

## BACKGROUND

### I. Rayware's TYPHOON Trademark

10. Rayware is a leading global housewares supplier, and is the owner of a variety of popular and iconic brands, including Mason Cash®, Kilner®, Typhoon®, Price & Kensington®, and more.

11. Since 1991, Rayware has been using the TYPHOON trademark in connection with cookware and other related products. Since then, Typhoon has become a globally renowned brand that expanded into fashion-led homewares.

12. Rayware is the exclusive owner of several federally registered trademarks in the United States, including in relevant part, U.S. Trademark Registration No. 2,406,990 for "TYPHOON," which has been registered since the year 2000 in connection with the following goods in class 21:

> Cookware and cooking utensils, namely, pots, pans; stir-fry pans; [ charbroilers; ] woks; tempura and steaming racks for use with woks; towel holders; mug trees; trivets; non-electric griddles; skillet sizzlers; oven to table sizzlers racks; bamboo steamers, steamer baskets; [ household utensils, namely, skimmers for removing food from hot liquids; ] strainers; graters; [ bamboo forks and spoons; bamboo paddles for cooking rice; ] bamboo, wooden and plastic chopsticks for eating; wooden and bamboo chopsticks for cooking; [ bamboo scrubbers for cleaning cooked food off from cookware; bamboo whisks; bamboo and ] metal ladles; [ bamboo, ] wooden [ and metal ] spatulas; [ plastic banana slicers; ] [ fondue forks; ] ceramic [ and bamboo containers for storage of kitchen utensils; ] containers for food or beverage;

glass drizzle's for use with oil and vinegar; and stainless steel containers for food or beverage

(the "'990 Registration," or the "Asserted Trademark"). A true and correct copy of the Registration Certificate for the Asserted Trademark is attached hereto as **Exhibit A** and is incorporated herein by this reference.

13. Rayware has expended substantial time, money, and resources to build its brand identity and trademarks. In association therewith, Rayware has developed substantial intellectual property rights and goodwill throughout the world, including in the United States.

14. As a result of Rayware's substantial investments in the TYPHOON trademark for over two decades in the United States, the public has come to associate Rayware and its TYPHOON trademark with Rayware's high quality goods—particularly with respect to its various cookware products, cooking utensils, and its containers for food and beverages.

15. As a result of Rayware's continuous and extensive use of the Asserted Trademark, including advertising, marketing, and sales utilizing the TYPHOON trademark, Rayware has developed substantial recognition and goodwill for the products sold in connection with the Asserted Trademark among both Rayware's immediate customers and the consuming public, generally.

16. As a result of, among other things, Rayware's substantial investment in the Asserted Trademark, and the products marketed under this trademark, the consuming public recognizes the Asserted Trademark, and the products marketed in connection with the Asserted Trademark with a single source, namely Rayware.

17. Defendant is using, and is planning to use, the Asserted Trademark in connection with marketing, making, selling, offering for sale, and/or importing goods that are directly related to the goods that Rayware provides in connection with the Asserted Trademark.[1]

18. NCB hosts the https://www.typhoonworld.com website, which demonstrates NCB's use and intent to use the Asserted Trademark in connection with drinkware and drinkware accessories. A screenshots of NCB's use of the Asserted Trademark on its website is provided below:



---

[1] NCB recently filed various federal trademark applications with the United States Patent and Trademark Office ("USPTO") in class 21—the same class in which the Asserted Trademark is registered—in connection with "drinkware including stainless steel tumblers," and "drinkware accessor[ies], namely, addition to stainless steel tumbler to increase drinking capacity by providing an additional reservoir." *See* U.S. Trademark Application Serial Nos. 97/824,176 and 97/824,258.

19. Rayware has not licensed Defendant any rights in or to the Asserted Trademark, and Defendant does not have any right or authority to use, market, display, or sell products that depict this trademark.

20. Defendant's use of the Asserted Trademark and intent to use the Asserted Trademark to make, sell, offer to sell, and market drinkware, drinkware accessories, and other similar products has an effect on interstate commerce.

21. Defendant's use of a mark that is identical to the Asserted Trademark in marketing its drinkware, drinkware accessories, and other similar products creates confusion as to the actual source of Defendant's products, which leads customers to incorrectly believe that they are in fact made, authorized by, or otherwise affiliated with Rayware.

22. Defendant had pre-suit knowledge of the Asserted Trademark at least because of Rayware's efforts to inform Defendant of Rayware's rights in the Asserted Trademark.

23. In March of 2023, Rayware and Defendant both attended a trade show in Chicago. At this trade show, Rayware noticed that Defendant was using the Asserted Trademark in connection with marketing/promoting drinkware and drinkware accessories. Soon thereafter, Rayware informed Defendant of Rayware's rights in the Asserted Trademark.

24. Before filing this Complaint, Rayware also sent a letter to Defendant on May 4, 2023 that put Defendant formally on notice of Rayware's rights in the Asserted Trademark.

25. To date, Defendant has not provided any substantive reply to Rayware's May 4, 2023 letter.

26. In light of the foregoing, Defendant has had knowledge of the Asserted Trademark since at least as early as March of 2023.

27. Rayware has suffered cognizable injury as a result of Defendant's infringing activities.

28. Rayware has suffered injury in fact and has lost money or property as a result of Defendant's unfair and unlawful business practices in the form of damage to its good will, lost sales, price erosion, and other actual damages.

### FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement of Asserted Trademark)

29. By this reference, Rayware realleges and incorporates the foregoing paragraphs as though fully set forth herein.

30. Defendant's use of the Asserted Trademark is likely to cause confusion, mistake or deception as to the source, origin, affiliation, connection, or association of Defendant's products (and related marketing/promotional efforts) with Rayware, or as to the approval of Defendant's products (and related marketing/promotional efforts) by Rayware, and thus constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

31. Defendant's infringement of the Accused Trademark negatively affects Rayware's business in the United States and around the world.

32. Rayware alleges, on information and belief, that Defendant's infringement of the Asserted Trademark has taken place with full knowledge of Rayware's Asserted Trademark and, therefore, has been intentional, deliberate, and willful.

33. Defendant's violation of 15 U.S.C. § 1114 has caused Rayware to suffer damages and irreparable harm.

34. By reason of the foregoing, Rayware is entitled to monetary and injunctive relief pursuant to 15 U.S.C. §§ 1116–1118, as more fully set forth herein below.

## SECOND CLAIM FOR RELIEF
### Federal Trademark Infringement, False Designation of Origin, and Unfair Competition with Respect to the Asserted Trademark

35. By this reference, Rayware realleges and incorporates the foregoing paragraphs as though fully set forth herein.

36. Defendant's use of the Asserted Trademark is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection or association of Defendant's products (and related marketing/promotional efforts) with Rayware, or as to the approval of Defendant's products (and related marketing/promotional efforts) by Rayware.

37. Defendant's actions, therefore, constitute trademark infringement, false designation of origin, and unfair competition with respect to the Asserted Trademark in violation of the Lanham Act, 15 U.S.C. § 1125(a) *et seq*.

38. Defendant's actions have taken place with full knowledge of the Asserted Trademark and therefore have been intentional, deliberate, and willful.

39. Defendant's violation of 15 U.S.C. § 1125(a) has caused Rayware to suffer damages and irreparable harm.

40. By reason of the foregoing, Rayware is entitled to monetary and injunctive relief pursuant to 15 U.S.C. §§ 1116–1118, as more fully set forth herein below.

## THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

41. By this reference Rayware realleges and incorporates the forgoing paragraphs as though fully set forth herein.

42. Defendant's use of the Asserted Trademark is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Defendant's

8

products (and related marketing/promotional efforts) with Rayware, or as to the approval of Defendant's products by Rayware.

43. Defendant, by its actions set forth hereinabove, has engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent, including the infringement of the Asserted Trademark.

44. By reason of the foregoing, Rayware has suffered damages and irreparable harm.

45. By reason of the foregoing, Rayware is entitled to, at least, damages from Defendant.

### FOURTH CLAIM FOR RELIEF
### Unfair Competition

46. By this reference Rayware realleges and incorporates the forgoing paragraphs as though fully set forth herein.

47. Defendant's conduct, as alleged, is in violation of Utah Code Ann. § 13-5a-101 *et seq*.

48. Rayware alleges on information and belief that Defendant's acts have been willful and with knowledge that Defendant would be unlawfully and unfairly profiting from the goodwill associated with Rayware and Rayware's rights in the Asserted Trademark.

49. Defendant's actions have led to a material diminution in value of the Asserted Trademark.

50. Rayware has been injured by Defendant's infringement of the Asserted Trademark.

51. Pursuant to Utah Code Ann. § 13-5a-103, Rayware is entitled to damages, costs, attorneys' fees, and punitive damages from Defendant for its unfair competition.

## FIFTH CLAIM FOR RELIEF
### Deceptive Trade Practices

52.     Rayware re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

53.     Defendant, by its actions as alleged herein, has caused a likelihood of confusion or of misunderstanding as to the source of its products (and related marketing/promotional efforts) and has thereby engaged in a deceptive trade practice, pursuant to Utah Code Ann. § 13-11a-3(1)(b).

54.     Defendant's conduct as set forth hereinabove gives rise to a cause of action for deceptive trade practices and related wrongs under the statutory and common law of the State of Utah, including at least Utah Code Ann. § 13-11a-4(2)(a).

55.     Rayware alleges on information and belief that Defendant has engaged in deceptive trade practices against Rayware in willful and deliberate disregard of Rayware's rights and those of the consuming public.

56.     By reason of Defendant's acts, Rayware has suffered damage and irreparable harm.

57.     Accordingly, Rayware is entitled to injunctive and monetary relief against Defendant, pursuant to at least Utah Code Ann. § 13-11a-4(2)(a) and (b).

## PRAYER FOR RELIEF

WHEREFORE, Rayware prays for entry of a final order and judgment as follows:

A.     An order of this Court directing Defendant to make an accounting for the total number of products that it used, made, had made, sold, offered for sale, and/or imported into the United States in connection with the TYPHOON mark.

B. An order of this Court temporarily, preliminarily, and permanently enjoining Defendant, its principals, agents, and servants, and any and all persons or entities acting in concert with any of them from infringing in any manner Rayware's Asserted Trademark in connection with products or otherwise, pursuant to at least the Lanham Act, 15 U.S.C. § 1116(a);

C. An order of this Court temporarily, preliminarily, and permanently enjoining Defendant, its principals, agents, and servants, and any and all persons or entities acting in concert with any of them from engaging in unfair competition and deceptive trade practices, pursuant to at least the Lanham Act, 15 U.S.C. § 1116(a), Utah Code Ann. § 13-5a-101 *et seq*. and Utah Code Ann. § 13-11a-3 *et seq*.;

D. An order of this Court temporarily, preliminarily, and permanently enjoining Defendant, its principals, agents, and servants, and any and all persons or entities acting in concert with any of them from producing, manufacturing, marketing, advertising, promoting, offering for sale, selling, or distributing products, including the Defendant's products marketed in connection with the Asserted Trademark, pursuant to at least the Lanham Act, 15 U.S.C. § 1116(a);

E. An order of this Court directing Defendant to destroy any and all stock of drinkware, drinkware accessories, and other similar products bearing the Asserted Trademark thereon, together with all labels, signs, prints, packages, wrappers, receptacles, advertisements and other promotional materials, as well as all plates, molds, matrices, or other means of making the same pursuant to at least the Lanham Act, 15 U.S.C. § 1118;

F. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114;

  G. For damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

  H. A judgment finding Defendant liable for unfair competition and deceptive trade practices in violation of Utah Code Ann. § 13-5a-101 *et seq*. and Utah Code Ann. § 13-11a-3 *et seq*.

  I. For damages in an amount to be proven at trial for unfair competition and trademark infringement under Utah common law;

  J. An award of Defendant's profits in an amount to be proven at trial, pursuant to at least 15 U.S.C. § 1117(a);

  K. An award of three times Defendant's profits or Rayware's damages, whichever is greater, pursuant to at least the Lanham Act, 15 U.S.C. § 1117(b);

  L. An award of punitive damages, pursuant to all applicable state statutory and common law;

  M. An award of Rayware's costs in bringing this action, pursuant to all applicable state statutory and common law, including at least 15 U.S.C. § 1117(a);

  N. An imposition of constructive trust on, and an order requiring a full accounting of, sales made by Defendant as a result of its wrongful or infringing acts alleged herein;

  O. Prejudgment interest, pursuant to at least the Lanham Act, 15 U.S.C. § 1117(b);

  P. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

  Q. Such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Rayware demands trial by jury on all claims and issues so triable.

Dated: May 30, 2023

Respectfully Submitted,

DENTONS DURHAM JONES PINEGAR, P.C.

By: */s/ Larry R. Laycock*
Larry R. Laycock
Adam B. Beckstrom
Landon T. Laycock
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000

*Attorneys for Plaintiff, Rayware Limited*